UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VCA CLINIPATH LABS, INC.,

       Plaintiff,                     Civil Action No.: 11-CV-12237

       vs.                            District Judge Avern Cohn

                                        Magistrate Judge Mona K. Majzoub

THE PROGRESSIVE PET ANIMAL
HOSPITALS, P.C., et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION OF DEFENDANT JEFFREY ROTHSTEIN, D.V.M. AND REQUEST FOR IMMEDIATE CONSIDERATION

This matter comes before the Court on Plaintiff/Counter-Defendant VCA Clinipath Labs, Inc.'s Motion to Compel Production of Documents and Deposition of Defendant Jeffrey Rothstein. (Docket no. 35.)  Defendant filed a Response to Plaintiff's Motion (docket no. 39), Plaintiff filed a Reply (docket no. 40), and the Parties filed a Joint Statement of Resolved and Unresolved Issues (docket no. 41).  The motion was referred to the undersigned for decision. (Docket no. 37.)  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  The Motion is now ready for ruling.

**I.    Background**

Plaintiff's Complaint alleges that Defendants breached the Parties contract in which Plaintiff was to provide Defendants with laboratory testing services for a specified period of time. (*See* docket no. 1.)  Plaintiff alleges that during the term of this agreement, Defendants signed a new agreement with one of Plaintiff's competitors, IDEXX Reference Laboratories. (Docket no. 35 at

1-3.) Defendants contend that an underlying breach of contract by Plaintiff was a factor in Defendant's choice to contract with IDEXX. (Docket no. 39 at 9-10.) Not surprisingly, one of Plaintiff's main focal points during discovery in this matter has been the formation of the relationship between Defendant and IDEXX. (*See* docket no. 35.)

Discovery in this matter closed on February 15, 2012. (*See* docket nos. 17 and 21.) The dispositive-motion cut-off date was also February 15, 2012. (Docket no. 17.) On the day discovery was set to close, Plaintiff noticed the deposition of Defendant Rothstein. (Docket no. 35-2.) The notice required Defendant Rothstein to produce, in relevant part, any and all agreements (or documents related to such agreements) between Defendants and IDEXX entered into after July 14, 2008. (Docket no. 35-2 at 4.)

Defendant Rothstein's deposition was conducted two days later, on February 17, 2013. (Docket no. 35 ¶ 3.) During the deposition, Plaintiffs learned that Defendant Rothstein had failed to produce emails related to agreements between Defendants and IDEXX. (*See* docket no. 35 at 9-10.) Thus, Defendant Rothstein's deposition was continued to a later date, where Plaintiff expected he would produce the responsive emails. (*See* docket no. 35 ¶ 5-6.)

At the time of Defendant Rothstein's deposition, a bench trial was scheduled in this matter for June 5, 2012. (Docket no. 17.) On April 23, however, the Court rescheduled the trial for August 7, 2012, and scheduled a settlement conference for July 10, 2012. At the conference, the Parties did not reach a settlement, and they indicated to the Court that they were prepared to proceed with trial on August 7. (*See* docket no. 39 at 10-11; *see also* docket no. 39-1.) Plaintiff, however, indicated that is preferred to seek a continuance of the trial in an effort to finalize the outstanding discovery issues. (*See* docket no. 39-1.)

On July 13, 2012, Plaintiff noticed the continuation of Defendant Rothstein's deposition,

which was held on July 16, 2012. (*See id.*; docket no. 35 ¶ 6.) At his deposition, Defendant Rothstein produced 600 documents related to his negotiations with IDEXX, but he only produced a single email. (Docket no. 35 at 10.) Despite admitting that there were likely additional emails between himself and various individuals at IDEXX, Defendant Rothstein's email search only included typing "IDEXX" into his search bar; he did not search for emails to or from any particular names. (*See* docket no. 35 at 11-12.) Additionally, during his continued deposition, Plaintiffs learned of a Defense Agreement between Defendants and IDEXX, which was entered into after July 14, 2008; Defendant Rothstein did not produce this agreement. (Docket no. 35 at 11-12.)

The next day, July 17, 2012, Plaintiff filed a Motion to Adjourn, Reopen Discovery, and Compel Discovery. (Docket no. 26.) In its Motion, Plaintiff sought an adjournment of the trial date and an order compelling Defendants to produce the requested email and Defendant's Defense Agreement with IDEXX. (*Id.* at 5-6.) The parties fully briefed the issue, Defendant Rothstein filed a Motion for Protective Order, and on July 23, 2012, the Court amended its scheduling order, setting a new trial date of February 5, 2013. The next day, Plaintiff withdrew its Motion to Adjourn, Reopen Discovery, and Compel, and Defendant Rothstein withdrew his Motion for Protective Order. (Docket nos. 33 and 34.)

Four months later, on November 21, 2012, Plaintiff filed the instant Motion seeking an Order compelling production of the same documents sought in its July 17, 2012 Motion and a third deposition of Defendant Rothstein related to such documents. (Docket no. 35.) Defendant asserts that (1) Plaintiff's Motion is untimely; (2) Defendant Rothstein's email search was reasonable; (3) a continued deposition of Defendant Rothstein would violate Fed.R.Civ.P. 30(d)(1); and (4) the Defense Agreement between Defendant Rothstein and IDEXX is irrelevant. (*See* docket no. 39.)

**II.     Governing Law**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rule 30(b)(2) provides for document production during depositions, including requests for production under Fed.R.Civ.P. 34. Fed.R.Civ.P. 30(b)(2). Rule 34 allows a party to serve requests for production of documents on an opposing party. Fed.R.Civ.P. 34. When a party receiving these types of discovery requests fails to respond, Rule 37 provides the party who sent the requests with the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust . Fed.R.Civ.P. 37(A)(5)(a).

### III.   Analysis

"A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *See Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002). "While . . . there is no authority that automatically precludes

the filing of a motion to compel discovery after the close of discovery and after the filing of dispositive motions . . . [denial of such a motion] is within the discretion of the court." *Id.* at 199. Like here, the discovery motion is *Suntrust Bank* was not only filed after the close of discovery but also after the dispositive motion cutoff date.

Defendants argue that Plaintiff knew it sought the emails at issue in the instant Motion as early as February 2012, yet it filed no motion to compel. (Docket no. 39 at 12.) Moreover, Defendants contend, Plaintiff certainly knew that it sought the emails and the Defense Agreement with IDEXX in July 2012; nevertheless, Plaintiff withdrew its motion. (*Id.*) In response, Plaintiff asserts the merits of its instant Motion, but it fails to adequately address its delay in bringing the same. Plaintiff's singular argument appears to be that it was relying in good faith on Defendant's promise to resolve the outstanding discovery issues. (*See* docket no. 40 at 2.)

Such an argument may have been sufficient in July or, perhaps, even in August 2012. But after Defendant's repeated failure to produce the requested emails and after Defendant's unambiguous objection to production of the Defense Agreement during Defendant Rothstein's July deposition, Plaintiff's good faith became blind faith. Moreover, Plaintiff points to no evidence suggesting that Defendant ever agreed to produce any additional documents, and Plaintiff voluntarily withdrew its own Motion to Reopen Discovery. Therefore, on the eve of trial, the Court will deny Plaintiff's Motion to Compel.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days

---

[1] Because the Court will deny Plaintiff's Motion as untimely, the Court will not address any arguments by Defendants that attack Plaintiff's Motion on its merits.

from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  January 11, 2013          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 11, 2013           s/ Lisa C. Bartlett
                                  Case Manager